IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GREGORY KEITH THOMAS #2384232 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv428 |
| WALTER MITCHELL BROOKES, et al. | § | |

<u>REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRTE JUDGE</u>

Plaintiff Gregory Keith Thomas, currently an inmate of the Texas Department of Criminal Justice (TDCJ), *pro se*, filed this civil rights complaint under 28 U.S.C. § 1983 complaining of alleged violations of his rights during a previous stay in a church-based halfway house. The lawsuit was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Thomas sues Walter Brookes for alleged sexual abuse, Dan Hosch for observing and failing to stop the abuse, and Rock Hill Baptist Church, which operated the halfway house program in which the abuse allegedly occurred. Plaintiff has been unable to perfect service on Defendant Brookes, but the church and Defendant Hosch have both moved to dismiss. (Dkt. ##31, 34, 35.) Plaintiff responded to the motions on July 25, 2022, and they are now ripe for review. (Dkt. #40.) For the reasons explained below, the undersigned recommends that the motions be granted and that Plaintiff's lawsuit be dismissed with prejudice for the failure to state a claim upon which relief may be granted.

**I. Legal Standards**

Title 42 U.S.C. § 1983 provides a private remedy against any person alleged to have deprived the plaintiff "of any rights, privileges, or immunities secured by the Constitution and

laws" of the United States while acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." *Id.* Accordingly, "[t]o state a section 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (quoting *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008)).

The Fifth Circuit has observed that motions to dismiss under Rule 12(b)(6) are "viewed with disfavor and rarely granted." *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). Such motions are generally evaluated on the pleadings alone. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986).

Nevertheless, Federal Rule of Civil Procedure 12(b)(6) permits dismissal if a plaintiff "fails to state a claim upon which relief may be granted." A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*,

496 F. App'x 414, 2012 WL 5419531 (5th Cir. Nov. 7, 2012) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*. Pro se plaintiffs are held to a more lenient standard than are lawyers when analyzing a complaint, but *pro se* plaintiffs must still plead factual allegations that raise the right to relief above the speculative level. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

## II. Plaintiff's Allegations

In his complaint, Plaintiff alleges that Walter Mitchell Brookes is a former employee of the Rock Hill Baptist Church and the former house manager of The Iron House, a sober living halfway house connected to the church. (Dkt. #1 at 3–4.) Dan Hosch, as an employee of the church, is the director of Iron House Ministries and the "overseer" of The Iron House program. (*Id.*) Plaintiff was in the Iron House program as a parolee, and he alleges that he was raped and beaten by Brookes, who got Plaintiff back on drugs and used drugs to obtain sex from Plaintiff. (*Id.* at 5.) Plaintiff says he informed Hosch of the abuse, and that Hosch called him a liar and threatened him with expulsion from the program and return to prison. (*Id.* at 4.) Further, he alleges that Hosch personally witnessed the abuse and "masturbated while [Brookes] made me give him oral sex in the office of Ironhouse." (*Id.*) Plaintiff also reported the abuse to the wife of another church employee, but he was told that nothing could be done about it. (*Id.*) He states "this all occurred at the halfway house that is owned and operated by Rock Hill Baptist Church." (*Id.* at 5.)

Plaintiff provided additional details in a more definite statement the Court ordered him to file. Specifically, Plaintiff alleges in his more definite statement that he entered the Iron House program in Eustace, Texas in July or August 2019, when his parole officer drove him there and dropped him off because he did not have another address to which he could be paroled. (Dkt. #9 at 2–3.) He reiterates that the program is "faith based owned and operated by Rock Hill Baptist Church." (*Id.* at 2.) He alleges that Defendant Brookes first "hurt" or raped him on December 30, 2019, and did so again in February 2020 and "several more times" on dates he cannot specifically recall. (*Id.* at 4–5.) Plaintiff repeats that Defendant Hosch once watched and masturbated while Brookes abused him and adds that Hosch once tried to grab Plaintiff's crotch while giving him a ride to work. (*Id.* at 5.) When Plaintiff recoiled from Hosch's advance, Hosch stopped the truck and told Plaintiff to get out. (*Id.*)

Plaintiff alleges "[t]hey were both working for Rock Hill," so he reported the abuse to Pam Rogers, whose husband Ed is on the church's board. (Dkt. #9 at 6.) Ms. Rogers told him that she could not do anything because "Dan was the boss." (*Id.*)

In response to the Court's question about whether any of the Defendants were employed by, compensated by, or working under contract with any governmental agency, Plaintiff responded that "I know Walter [Brookes] is a veteran of the Army, and get a check. I'm not sure, but I think Dan Hosch is a vet also." (Dkt. #9 at 6.)

Plaintiff says he was kicked out of the program on March 28, 2021, after accidentally driving into a ditch to avoid hitting a dog in the street. (Dkt. #9 at 7.) He seeks relief including unspecified "compensation for pain and suffering." (Dkt. #1 at 5.)

**III. Hosch's Motion to Dismiss**

Defendant Hosch acknowledges that Plaintiff was a resident of Iron House, "a sober living facility in Eustace, Texas that provides a safe and sober living environment which provides structure, support, guidance, and accountability for the men living at the facility through the Call to Recovery program." (Dkt. #34 at 2.) Hosch says that neither "Iron House nor the Call to Recovery program is a governmental entity or exercise the power of any governmental entity" and that "Hosch, who is the director of the Call to Recovery program is a private individual who is not employed by any governmental actor." (*Id.*) He points out that "Plaintiff states that the only relation Defendant Hosch has with any governmental agency is that Plaintiff 'thinks' Defendant Hosch is a veteran of the Armed Services." (*Id.* at 5.)

Defendant Hosch asserts that because Plaintiff's claim does not satisfy the "under color of state law" prong of Section 1983, the Court lacks jurisdiction over his case. He seeks dismissal of the claims against him with prejudice, plus recovery of costs, attorney's fees, and litigation expenses pursuant to 42 U.S.C. § 1988. (*Id.* at 5.)

**IV. Church's Motion to Dismiss**

Defendant Rock Hill Baptist Church also acknowledges that Plaintiff was a resident of Iron House but asserts that there is no dispute in the pleadings that:

> 10. Rock Hill Baptist Church is a private entity; operating a hal[f]way house known as Iron House.
>
> 11. Rock Hill Baptist Church is not a governmental entity, nor does it exercise the power of any governmental entity.
>
> 12. At no time has Rock Hill Baptist acted under the "color of state law" such that it could be liable under Civil Rights Act 42 U.S.C. § 1983.

(Dkt. #35 at 2.) The church points out that "Plaintiff fails to provide any factual support that this Defendant is a government entity or that it exercises the power of any governmental entity." (*Id.*

5

at 4.) Accordingly, according to the church, Plaintiff fails to state a claim under Section 1983 and consequently fails to establish the Court's jurisdiction over the tortious acts he alleges. (*Id.*)

## V. Plaintiff's Response

Plaintiff responded to both motions to dismiss in a single document. (Dkt. #40.) In it, he does not specifically address the issue of whether the Defendants were state actors for the purpose of Section 1983 liability. He simply restates the abuse he allegedly suffered and insists that everything he has alleged is true. He also asks for an appointed attorney and says that he has "written to several, but with no luck." (*Id.* at 1.)

## VI. Discussion and Analysis

Taking Plaintiff's claims as true, the Defendants' motions to dismiss should be granted. In short, even assuming the alleged abuse occurred, Plaintiff has not stated a claim for violations of his rights under color of state law as required by Section 1983.

As explained above, to state a claim under section 1983, a plaintiff must show the defendant violated his rights while acting under color of state law, meaning the defendant was a state actor. *Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017); *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013). Private individuals are not state actors subject to suit under Section 1983 unless their conduct is "fairly attributable to the state." *Moody*, 868 F.3d at 352; *see also Filarsky v. Delia*, 566 U.S. 377, 383 (2012) ("Section 1983 provide a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law. 42 U.S.C. § 1983. Anyone whose conduct is 'fairly attributable to the State" can be sued as a state actor under § 1983."). To establish fair attribution to the State,

> [T]he plaintiff must show (1) that the deprivation was caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may fairly be said to be a state actor.

*Moody*, 868 F.3d at 352 (citing *Priester v. Lowndes Cnty.*, 354 F.3d 414, 432 (5th Cir. 2004)). Finally, "[d]eciding whether a deprivation of a protected right is fairly attributable to the State begins by identifying the specific conduct of which the plaintiff complains." *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 550 (5th Cir. 2005) (internal quotations and citation omitted).

The Fifth Circuit has summarized the different tests under which a private party can be deemed to have acted under color of state law:

> According to the public function test, a private entity acts under color of state law when the entity performs a function which is "exclusively reserved to the state." *Flagg Bros.*, 436 U.S. at 157–58 (internal quotations omitted); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989). The state compulsion (or coercion) test holds the state responsible "for a private decision only when [the state] has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (internal quotations omitted). Similarly, the nexus or state action test finds state action where the state has "so far insinuated itself into a position of interdependence with the [private actor] that it was a joint participant in the enterprise." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 357–58 (1974); *see also Lugar*, 457 U.S. at 941–42 (1982).

*Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 352 (5th Cir. 2003)

Defendants rightly assert that Plaintiff has not alleged any facts in this case from which the Court could fairly infer that they are state actors in their operation of Iron House. The fact that Iron House admitted Plaintiff while he was on parole does not establish that it is a government agency or was doing the government's job. Common sense dictates that private rehabilitative services regularly include former inmates among their clientele, but that alone does not make them part of the state's correctional system or otherwise state actors. *See Allen v. Dawson*, No. 11-CV-02251-CMA-MJW, 2012 WL 2878031, at *1 (D. Colo. July 12, 2012) (collecting cases and dismissing claims against halfway house employees, observing that "[c]ourts often find that employees of private halfway houses were not acting under the color of state law"); *McWhirt v. Putnam*, No. 06-

7

4182-CV-CSOW, 2008 WL 695384, at *7 (W.D. Mo. Mar. 12, 2008) (holding that employees of "a private nonprofit community-based agency[] did not act under color of state law" despite providing halfway house re-entry services to parolees). A parole officer's driving Plaintiff to a halfway house, in the absence of any other address to which to release him, also does not make Iron House a state agent any more than a relative of Plaintiff's would become a state actor if a parole officer delivered him to their home.

The only connection Plaintiff alleges between Hosch and any government is that Hosch might be a military veteran, which clearly does not mean that Hosch (or Brookes, who is allegedly also a veteran) ever acted under color of Texas state law. And Plaintiff does not allege any connection whatsoever between the church and the State of Texas. He does not allege that Texas controls or is a joint participant in any way in Iron House or that the services provided by Iron House are historically state services. Accordingly, Plaintiff has failed to allege facts that satisfy the "color of state law" element of a Section 1983 claim and fails to state a claim for which relief can be granted.

Plaintiff was given the opportunity to assert any connection between the Defendants and the state in his more definite statement and in response to the pending motions to dismiss. He failed to allege any facts that would make any associated with Iron House state actors. Because Defendant Brookes is entitled to the same defenses presented in the pending motions, the Court should apply such defenses as if all non-moving defendants were parties to the motions. The Fifth Circuit has held that when a defending party establishes that the plaintiff has no cause of action, this defense also inures to the benefit of non-answering defendants. *Wright v. Cerliano*, No. 6:19-CV-386, 2020 WL 2758789, at *2 (E.D. Tex. Apr. 20, 2020) (citing *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001); *Young v. Isola*, 708 F. App'x 152 (5th Cir. 2017)), *report and recommendation adopted*,

No. 6:19-CV-00386, 2020 WL 2754756 (E.D. Tex. May 27, 2020). "The policy rationale for this [result] is that it would be incongruous and unfair to allow some defendants to prevail, while not providing the same benefit to similarly situated defendants." *Spoon v. City of Galveston, Tex.*, No. 3:17-CV-00120, 2018 WL 6246693, at *4 (S.D. Tex. Nov. 29, 2018). Accordingly, the dismissal recommended below should apply equally to Plaintiff's claims against Brookes.

Because Plaintiff's federal claims are subject to immediate dismissal, Plaintiff does not have any right to the appointment of counsel, and there are no "exceptional circumstances" warranting such appointment. *See Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).

Plaintiff filed his claims on a federal civil rights complaint form, and he does not expressly assert any state law claims. To the extent the complaint could be construed to raise any state claims, the Court should decline to exercise supplemental jurisdiction over such claims upon the dismissal of all federal claims. 28 U.S.C. § 1367(c)(3). Plaintiff is advised that federal law has tolled the limitations period for any state-law claims for the pendency of this federal case and for thirty days after it is dismissed. 28 U.S.C. § 1367(d). In other words, Plaintiff has up to thirty days from any dismissal of this case to file any suit arising from the facts underlying this case that he wishes to bring against Defendants in state court.

Finally, in reaching its conclusion, the Court assumes—as it is required to do at this stage—that the facts alleged by Plaintiff are true; they simply do not satisfy the standard for a federal lawsuit under Section 1983. But that does not mean those facts—if true—did not constitute a grave injustice to Plaintiff. Accordingly, the Court does not conclude that Plaintiff's action was "frivolous, unreasonable, or without foundation," as required for a prevailing defendant to recover fees under 42 U.S.C. § 1988. *Fox v. Vice*, 563 U.S. 826, 833 (2011).

RECOMMENDATION

Accordingly, the undersigned recommends that the Defendants' motions to dismiss (Dkt. ##34, 35) be **GRANTED** and that the above-styled civil action be **DISMISSED** with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for Plaintiff's failure to state a claim upon which relief may be granted. Any state-law claims arguably raised by the complaint should be dismissed without prejudice pursuant to Section 1367(c).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 15th day of September, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE